**SUTTON IMPORT–EXPORT
CORP., Plaintiff,**

v.

**STARCREST OF CALIFORNIA and
Intermarket Corporation,
Defendants.**

**No. 90 Civ. 4021 (RPP).**

United States District Court,
S.D. New York.

April 23, 1991.

Joseph I. Mezrahi, New York City, and Ezra Sutton, Woodbridge, N.J., for plaintiff.

Loeb & Loeb by Robert B. Rosen, David A. Gerber, New York City, for defendant Starcrest of California.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action alleging copyright, trademark, trade dress and design patent infringement and various common law violations. Defendant Starcrest of California ("Starcrest") moves for summary judgment on all counts pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is denied in its entirety.

## BACKGROUND

Starcrest is a California corporation conducting business solely as a mail order company with no retail stores or outlets. Plaintiff Sutton Import–Export Corporation ("Sutton" or "SIE") has been one of Starcrest's suppliers since 1982 under a "Vendor Merchandise Agreement." Hartless Aff. ¶ 3 & Exh. A. In May 1988 Sutton began supplying Starcrest with a "Travel Hot Pot" at a cost of $9.25 apiece *Id.* ¶ 4 & Exh. B.

The Travel Hot Pot is a slim, rectangular, lightweight, plastic product approximately ten inches tall having a retractable handle and capable of fitting conveniently in a suitcase. Sutton is the assignee of U.S. Design Patent No. D294,447 issued March 1, 1988 which lists John Kao of Taipei, Taiwan as the inventor. The application date for the patent was July 10, 1985. Complaint, Exh. C. In addition, Sutton is the owner of U.S. Copyright Registration No. VA 390–706 issued April 9, 1990 for a work consisting of the text and photographs appearing on the cardboard packaging of the Travel Hot Pot.[1] *Id.*, Exh. J. Isaac Sutton, Vice President of Sutton Import–Export, claims he drafted the copyrighted text and gave Kao specific instructions for taking the photographs over which he exercised final approval. Sutton Aff. ¶¶ 12–13.

In December 1988 Sutton began making late deliveries of Travel Hot Pots and Starcrest complained in writing. Hartless Aff., Exh C & D. In May 1989, because Sutton had not filled outstanding back orders for 1301 Travel Hot Pots from February and March 1989, Starcrest purchased 1200 hot pots from North American Phillips, not a party in this action, at a cost of $14.57 each. *Id.* ¶¶ 8, 10. Thereafter, Sutton purchased approximately 5700 products called "Jet Pots" from defendant Intermarket Corporation ("Intermarket") for $10.50 each. Sutton Aff ¶ 9; Hartless Aff., Exh. F. The Jet Pots supplied by Intermarket, which were identical in shape and design to Sutton's Travel Hot Pots, were packaged in a box appearing similar to Sutton's copyrighted box. Hartless Aff. ¶ 15. The Jet Pot packages bore the unauthorized notice "(c) 1985 SIE Products" and contained warranty cards appearing to have been issued by Sutton.[2] *Id.* Finally, the Jet Pots bore plaintiff's SIE trademark and plaintiff's Underwriters Laboratory ("UL") number. *Id.*

Plaintiff filed its complaint in this action on June 13, 1990. The Court heard oral argument on defendant's motion for summary judgment on April 18 at which time the Court granted defendant leave to file a counterclaim for breach of contract on condition that defendant withdraw the contract action currently pending against Sutton in municipal court in California.

---

**1.** In the fall of 1985 Sutton began distributing a catalog sheet showing photographs of the Travel Hot Pot. Sutton Aff. ¶ 17. No copyright notice appears on the sheet although the individual packages did contain the required notice. *Id.* ¶ 16.

**2.** Attached to its complaint are letters from approximately 16 mail order purchasers who returned defective hot pots to Sutton along with copies of Sutton warranty cards. Complaint, Exh. F. The pots in question were not manufactured by Sutton.

## DISCUSSION

Summary judgment is appropriate if the evidence offered demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

### I. Copyright Infringement

■ Defendant argues, based on the deposition testimony of Isaac Sutton, that plaintiff's copyright certificate is per se invalid because Sutton and Kao collaborated in creating the copyrighted text and photographs, making them co-authors, whereas the copyright certificate lists Sutton as the only author. Authorship is, however, an issue of fact precluding summary judgement. *See Morita v. Omni Publications Int'l, Ltd.,* 760 F.Supp. 45 (S.D.N.Y.1991). Accordingly, defendant's motion for summary judgment dismissing Count 1 is denied. The Court rejects defendant's argument that plaintiff's copyright is invalid for lack of notice since, even though the catalog sheet lacked notice, all copies of the copyrighted work, i.e., the packages themselves, bore proper notice.

### II. Trademark and Trade Dress Infringement

■ Starcrest argues that it is entitled to summary judgment on plaintiff's claim for trade dress infringement on the grounds that the design of plaintiff's Travel Hot Pot is solely functional, citing Isaac Sutton's testimony that Sutton designed the product to be "durable enough to withstand packing in a suitcase" and to correct for problems in size. Gerber Aff., Exh. A at 9–11 (Deposition of Isaac Sutton). Whether a product is functional for pur-

poses of precluding a Lanham Act claim is an issue of fact. *See Scan–Plast Indus., Inc. v. Scanimport America Inc.,* 652 F.Supp. 1156, 1162 (E.D.N.Y.1987); *Gemveto Jewelry Co. v. Jeff Cooper Inc.,* 568 F.Supp. 319 (S.D.N.Y.1983). Accordingly, defendant's motion for summary judgment dismissing Count 2 is denied. The Court declines to hold as a matter of law that post-purchase confusion pertaining to use of the SIE mark on Intermarket's Jet Pots is not actionable. Defendant has not cited any authority in this circuit in support of that proposition.

### III. Design Patent Infringement

■ In support of its motion for summary judgment on Count 4, defendant argues that the design of the Travel Hot Pot is not patentable because it is purely functional. Katz Aff. ¶ 6. Since every patent is presumed valid, the party asserting invalidity must establish facts leading to that conclusion by clear and convincing evidence. *See Lemelson v. Synergistics Research Corp.,* 669 F.Supp. 642 (S.D.N.Y.1987).

■ Defendant has also submitted an English translation of a Taiwanese patent registered May 1, 1987 for a "Travel Hot Pot" which is accompanied by drawings of a product substantially resembling plaintiff's patented product. Gerber Aff., Exh. 2. This document raises the question of whether plaintiff's design patent is invalid on the grounds that it is obvious in light of the prior art. *See Leesona Corp. v. Varta Batteries, Inc.,* 522 F.Supp. 1304, 1340 (S.D.N.Y.1981) (foreign patent may be used in evaluating state of the prior art).

Functionality is an issue of fact not resolvable on summary judgment. *See J.G. Furniture Co. v. Litton Business Sys., Inc.,* 436 F.Supp. 380 (S.D.N.Y.1977). Similarly, although the issue of patent validity is ultimately one of law, *see Graham v. John Deere Co.,* 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966), the scope of prior art is necessarily a factual inquiry. *Id.* Specifically, the filing date of the Taiwanese patent is illegible on the copy in the record, and this date is relevant on the issue of whether the invention was "de-

scribed in a printed publication in ... a foreign country" under 35 U.S.C. § 102(a) or whether the subject matter as a whole would have been obvious under 35 U.S.C. § 103 to a person having ordinary skill in the art at the time the invention was made, which on this record is deemed to be the filing date of July 1985. Accordingly, defendant's motion for summary judgment dismissing Count 4 is denied.

### IV. Common Law Claims

 Plaintiff's state common law clams are for tortious interference with prospective business relations (Count 3), common law fraud (Count 5) and common law unfair competition (Count 6). Because the unfair competition claim raises the issue of likelihood of confusion, which is an issue of fact, summary judgment must be denied. *See Merritt Forbes & Co. v. Newman Inv. Sec., Inc.*, 604 F.Supp. 943, 956 (S.D.N.Y. 1985). Similarly, factual issues including to what extent plaintiff processed returns of the allegedly infringing merchandise in reliance on the Sutton warranty cards returned with the merchandise preclude summary judgment on plaintiff's fraud claim. *Cf. LaBelle v. Chereskin*, [1991] Fed.Sec.L. Rep. (CCH) ¶ 95,713, 1991 WL 3050 (S.D. N.Y. Jan. 9, 1991) (in connection with a claim for securities fraud under § 10(b) of the Securities Exchange Act of 1934, reliance is an issue of fact). *See also* Plaintiff's Supplemental Memorandum in Opp. at 3.

Finally, on its claim for tortious interference with prospective business advantage, plaintiff must show "the defendant's interference with business relations existing between the plaintiff and a third party, either with the sole purpose or of harming the plaintiff or by means that are 'dishonest, unfair or in any other way improper.' " *PPX Enter., Inc. v. Audiofidelity Enter., Inc.*, 818 F.2d 266, 269 (2d Cir.1987) (quoting *Martin Ice Cream Co. v. Chipwich, Inc.*, 554 F.Supp. 933, 945 (S.D.N.Y.1983)). A contract need not exist. The tort will lie for interference with or injury to a business relationship not amounting to a contract. *See id.; Polo Fashions, Inc. v.*

*Fashion Assocs., Inc.*, 4 Fed.R.Serv.3d (Callaghan) 456, 1986 WL 1176 (S.D.N.Y. 1986). Plaintiff asserts that its customers may have received mailings for the allegedly infringing Jet Pots and, because such pots were defective, Sutton may have lost "repeat sales." Sutton Aff. ¶¶ 22–23. Material issues of fact exist as to whether Starcrest unjustifiably interfered with Sutton's relationships with its customers. *See Ryan v. Brooklyn Eye and Ear Hosp.*, 46 A.D.2d 87, 360 N.Y.S.2d 912, 917 (App.Div. 1974). Accordingly, defendant's motion for summary judgment dismissing Count 3 is denied.

The discovery cutoff in this action is May 1, 1991. The final pretrial conference is scheduled for Friday, May 10, 1991 at 9:00 a.m. in courtroom 302.

IT IS SO ORDERED.